UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **TIMOTHY L. JEFFERSON, #337014,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | NO. 3:25-cv-00117 |
| ) | |
| **METROPOLITAN GOVERNMENT OF** ) | |
| **NASHVILLE AND DAVIDSON** ) | |
| **COUNTY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Timothy Jefferson, a state inmate proceeding pro se, has filed a Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2). The case is before the Court for ruling on Plaintiff's IFP application and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### I. PAUPER STATUS

Subject to certain statutory requirements, see 28 U.S.C. § 1915(a)(1)–(2), (g), a prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the $405 civil filing fee. Because Plaintiff's IFP application complies with the applicable statutory requirements and demonstrates that he lacks the funds to pay the entire filing fee, that application (Doc. No. 2) is **GRANTED**.

Nevertheless, prisoners bringing civil lawsuits are "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Where the prisoner proceeds IFP, the fee is $350 instead of $405, see id. § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023), and

may be paid in installments over time via an assessment against his inmate trust account. Id. § 1915(b)(1)–(2).

Accordingly, Plaintiff is **ASSESSED** a $350 filing fee. The fee will be collected in installments as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. Id. § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. Id. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim

upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A viable claim is stated under 42 U.S.C. § 1983 if the Complaint plausibly alleges (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." Carl v. Muskegon Cnty., 763 F.3d 592, 595 (6th Cir. 2014).

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," Nat'l Rifle Ass'n of Am. v. Vullo, 602 U.S. 175, 181 (2024) (quoting Iqbal, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, Erickson v. Pardus, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. Inner City, supra.

**B. Factual Allegations**

Plaintiff sues the Davidson County government and "unknown government employees" who "had access to the functions of" the Davidson County Juvenile Court Clerk in 2000. (Doc. No. 1 at 2–3). On January 10, 2000, Plaintiff, then sixteen years old, was arrested and interrogated by Nashville police "under third degree practices." (Id. at 3). On January 11, 2000, unknown employees "issued the juvenile petition alleging a delinquent act in the Juvenile Court," but that

3

petition was not properly verified because it was not stamped with the official seal of the court. (Id. at 3–4). Plaintiff claims that, because the juvenile petition lacked an official seal, it did not comply with statutory requirements and could not lawfully be used as the basis for transferring his case for trial as an adult. (Id.) He therefore claims that the order that transferred him for trial in "adult court" was "invalid for lack of subject matter jurisdiction," and that his resulting trial and conviction caused him to be deprived of liberty without due process of law. (Id. at 4–5).

Based on the above allegations, Plaintiff asserts a right to relief against Davidson County and against supervisory officials in the Juvenile Court Clerk's office for failure "to properly train and supervise its employees in the statutory requirements that mandates that the petition alleging a delinquent act be verified by inclusion of the official seal before being issued in the Juvenile Court." (Id. at 4–5). Plaintiff requests injunctive relief, including an order requiring Davidson County "to conduct a de novo hearing on the question of whether [his] case should have been transferred to adult court" in the absence of "a valid charging instrument" that included the County's official seal. (Id. at 6). He also requests compensatory and punitive damages. (Id. at 8).

## C. Analysis

This action represents Plaintiff's third attempt to bring Section 1983 claims asserting that, because no seal was affixed to his juvenile petition, his transfer to adult court and his confinement as a result of proceedings there was unlawful. See Jefferson v. Metropolitan Gov't of Nashville and Davidson Cnty., et al., No. 3:21-cv-00155 (M.D. Tenn.) (Trauger, J.); Jefferson v. Metropolitan Gov't of Davidson Cnty. and Nashville, et al., No. 3:20-cv-00145 (M.D. Tenn.) (Campbell, J.). As it did in his previous two cases, the same result must obtain here: Plaintiff's case must be dismissed under the doctrine defined in Heck v. Humphrey, 512 U.S. 477 (1994).[1]

---

[1] Although preclusion law often bars such repeated filings, Heck dismissals are without prejudice, "and dismissals without prejudice generally are not judgments on the merits for claim-preclusion purposes."

4

The purpose of the Heck doctrine "is to channel what amount to unlawful-confinement claims to the place they belong: habeas corpus." Sampson v. Garrett, 917 F.3d 880, 881 (6th Cir. 2019) (citing Wilkinson v. Dotson, 544 U.S. 74, 81 (2005)); see also Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.").

As an initial matter, though the Complaint does not request release from confinement per se, Plaintiff's claim that Davidson County illegally tried him as an adult (Doc. No. 1 at 4–5) and his request for an injunction requiring the state court to formally confess its error and conduct a de novo hearing on the propriety of his transfer to adult court (id. at 6) directly challenges the validity of his conviction and continuing confinement. That challenge cannot be pursued through a Section 1983 complaint, but only through a habeas petition.[2] Muhammad, 540 U.S. at 750.

Generally, where a prisoner implicitly challenges the validity of his confinement, by claiming that his state prosecution violated his federal rights and seeking relief that is proper under Section 1983 but "unavailable in habeas, notably damages," id. at 751, that claim cannot be pursued. However, there is an exception when the prisoner succeeds in having his conviction or sentence "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486–87. The Complaint before the Court

---

Wheeler v. Dayton Police Dep't, 807 F.3d 764, 767 (6th Cir. 2015) (citing Heck and Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990)).

[2] The road to habeas relief on the grounds Plaintiff asserts here was blocked five years ago. See In re: Timothy L. Jefferson, No. 20-5278, Doc. No. 13-2 (6th Cir. Aug. 27, 2020) (denying permission to file second or successive petition in district court based on claims that "the juvenile court exceeded its jurisdiction or acted illegally in transferring him to the criminal court," and that "the [juvenile] petition's affidavit and/or oath lacked a seal to attest the petitioner's statements as required under Tennessee Code Annotated § 18-6-114(a)(1).") (entered as Doc. No. 10 in Case No. 3:19-cv-01048 (M.D. Tenn.)).

seeks an award of damages against Davidson County on a theory of failure to train or supervise Juvenile Court Clerk employees regarding the need to apply the official seal to court documents, "caus[ing] [Plaintiff] to be subjected to the deprivation of [his] liberty, in violation of [his] constitutional rights…." (Doc. No. 1 at 4). Though otherwise proper under Section 1983, such a claim is not cognizable under Heck "if it would 'necessarily' invalidate the plaintiff's conviction or sentence, unless the plaintiff can show the conviction or sentence had been set aside." Sanders v. Detroit Police Dep't, 490 F. App'x 771, 773 (6th Cir. 2012) (quoting Heck, 512 U.S. at 487). Plaintiff's failure-to-train/supervise claim depends on harm which, if established, would necessarily invalidate his conviction and sentence. Cf. Jefferson v. Metropolitan Gov't of Nashville and Davidson Cnty., TN, et al., No. 21-5444, Doc. No. 10-2 (6th Cir. Nov. 12, 2021) (finding that Plaintiff's § 1983 claims to damages based on "Metropolitan Government of Nashville and Davidson County fail[ure] to adequately train and supervise its employees" "implied the invalidity of his conviction or sentence" and failed to provide an arguable basis for challenging this Court's dismissal of his § 1983 lawsuit based on Heck) (entered as Doc. No. 10 in Case No. 3:21-cv-00155 (M.D. Tenn.)). There is no indication that Plaintiff, since his last filing in this Court, has succeeded in winning reversal of his conviction as required by Heck. The Complaint thus fails to state a currently cognizable claim to relief under Section 1983 and must be dismissed.

### III. CONCLUSION

For the reasons discussed above, this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), for failure to state a claim upon which relief may be granted under Section 1983.[3]

---

[3] Heck dismissals are without prejudice. See Sampson, 917 F.3d at 882 (citing Diehl v. Nelson, 198 F.3d 244 (6th Cir. 1999)). Moreover, the Sixth Circuit has stated that a Section 1983 action dismissed under Heck "would necessarily [be] dismissed for failure to state a claim," Harrison v. Michigan, 722 F.3d 768, 773 (6th Cir. 2013); see also Kitchen v. Whitmer, 106 F.4th 525, 534 n.4 (6th Cir. 2024) (consideration of

In light of the dismissal, Plaintiff's pending motion (Doc. No. 8) is **DENIED** as moot.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

*[signature]*
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

---

whether challenged claim is "cognizable" "likely implies that a *Heck* challenge more properly sounds in failure to state a claim as opposed to lack of subject-matter jurisdiction"), or as frivolous. Carter v. State, No. 18-1348, 2018 WL 7890770, at *1 (6th Cir. Dec. 10, 2018). Either way, such dismissals are counted as strikes in this circuit under 28 U.S.C. § 1915(g). See Harrison v. Douglas, No. 1:25-CV-678, 2025 WL 2505643, at *3 (W.D. Mich. Sept. 2, 2025); Bowman v. Hankins, No. 3:15-CV-287-PLR-HBG, 2015 WL 5687575, at *4 (E.D. Tenn. Sept. 25, 2015).